UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN PACHECO, | |
| Plaintiff, | |
| v. | C.A. No. 17-10637-ADB |
| COMMONWEALTH OF MASSACHUSETTS, et al., | |
| Defendants. | |

## ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice.

I.     **BACKGROUND**

On April 19, 2017, Kevin Pacheco, who resides in South Dartmouth, Massachusetts, filed a *pro se* complaint and request for an injunction to halt state criminal proceedings against him in Massachusetts and Rhode Island. He names as defendants the Commonwealth of Massachusetts, the state of Rhode Island, and the Attorney General of each state. According to Pacheco, he is being denied his federal rights to a fair and speedy trial, his rights under the Sixth Amendment, the right to represent himself, and his rights under the Americans with Disabilities Act. In regards to the latter, he represents that he suffers from agoraphobia, and that the defendants' failure to accommodate his disability affects his ability to represent himself.

In his prayer for relief, Pacheco asks that the Court issue an injunction before April 26, 2017 to stop the state criminal proceedings. He also asks that this Court dismiss the state court proceedings and award compensatory damages for the mental anguish he has endured. Pacheco

asks that, if the state court criminal proceedings against him are not dismissed, that they go forward in federal court.

Pacheco paid the filing fee and summonses have issued.

## II. DISCUSSION

Federal courts "have an affirmative obligation to examine jurisdictional concerns on their own initiative." *Irving v. United States*, 162 F.3d 154, 160 (1st Cir. 1998). Upon considering the issue, the Court will abstain from exercising jurisdiction over this action and will dismiss this case.

"[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). Congress has long expressed its policy that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." *Id.* at 16. This policy against "federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Id.* (quoting *Younger*, 401 U.S. at 44). Under the principles of *Younger* abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).

2

Here, it would violate the principles of comity between federal and state proceedings for this Court to adjudicate claims that Massachusetts and Rhode Island are violating Pacheco's federal rights in regards to the state criminal prosecutions against him. Pacheco may raise his objections in the state trial court and, if necessary, on appeal. There is no need for this Court to "needlessly inject" itself in this matter.

Moreover, there is no basis for this Court to exercise removal jurisdiction over the state criminal proceeding. Under 28 U.S.C. § 1443, the following classes of prosecutions may be removed by the defendant to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2). The criminal proceedings against Pacheco do not fall into either category. His allegations do not provide the Court any basis to believe that he cannot enforce his federal rights in a state forum. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (prosecutions removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicitly state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court"). Further, Pacheco cannot avail himself of § 1443(2) because his is not being prosecuted for an "act under color of authority."

## III. CONCLUSION

Accordingly:

1. This action is DISMISSED WITHOUT PREJUDICE.

2. None of the defendants are required to respond to the complaint. If Pacheco has not completed service of the summonses upon the defendants, he shall neither do so nor otherwise represent to the defendants that they must respond to the complaint.

3. The Clerk shall provide a copy of this order to the Attorney Generals of Massachusetts and Rhode Island.

**SO ORDERED.**

April 20, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE